Filed 9/13/23  In re M.F. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re M.F. et al., Persons Coming Under the Juvenile Court Law. | B322440 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 22CCJP01258A-B |
| Plaintiff and Respondent, | |
| v. | |
| MARVIN F., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Tara Newman, Judge.  Affirmed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kelly G. Emling, Deputy County Counsel, for Plaintiff and Respondent.

————————————————

The juvenile court sustained jurisdictional allegations that Marvin F., the father of two teenaged boys, M.F. and A.F., had a history of substance abuse, was a daily abuser of alcohol and marijuana, and had mental and emotional problems rendering him incapable of providing regular care of the children. The court removed the boys from father's custody and placed restrictions on his visitation. The children remained in their mother's custody.

Father challenges the court's jurisdictional findings and dispositional orders, contending the findings were not supported by substantial evidence. We disagree and affirm.

## BACKGROUND

The family came to the attention of the Los Angeles County Department of Children and Family Services (Department) on February 21, 2022, when father started a fire on the stove in the kitchen of the family's home, resulting in father's arrest on an arson charge. According to the police report, father was outside when the fire department arrived, yelled that he did it, got on a bicycle and crashed into a concrete light post, and was restrained by fire personnel at whom he shouted obscenities and who could smell alcohol on his breath. No one was injured in the incident; the children were not in the home when the fire started, but were outside in the car waiting for mother to return from the house with the dogs.

After an investigation, the children were detained from father and remained with mother. The Department made four allegations under Welfare and Institutions Code section 300, subdivision (b). (Further statutory references are to that Code.) Two of them were not sustained: an allegation that father endangered the children by setting their home on fire, and an

2

allegation both parents endangered the boys because marijuana and a drug pipe were found in the home within reach of the children.

On June 27, 2022, the court found two other allegations to be true. One of them alleged father had a history of substance abuse and was a daily abuser of alcohol and marijuana, rendering him incapable of providing regular care of the children. The allegation continues: "On 02/21/2022 [the day of the fire] and on prior occasions, the father was under the influence of alcohol and marijuana while the children were in the father's care and supervision." The mother knew of father's substance abuse but allowed him to reside in the home and have unlimited access to the children. "The father is a registered controlled substance offender. The father has a criminal history of convictions for possession of a narcotic controlled substance and a misdemeanor for DUI alcohol drugs; possession of paraphernalia; possession of a controlled substance; DUI alcohol drugs; for unlawful paraphernalia; DUI alcohol .08% and possession of a narcotic controlled substance. The father's substance abuse and the mother's failure to protect the children endangers the children's physical health and safety and places the children at risk of serious physical harm, damage and failure to protect."

The court also found true an allegation that father "has mental and emotional problems including a traumatic brain injury, goes into rages and screams and yells at the minors. Due to the father's limitations and volatile and hostile behavior, the father is unable to provide regular care for the children. Such mental and emotional condition on the part of the father endangers the children's physical health and safety and places the children at risk of physical harm, damage and danger."

3

The court removed the boys from father's custody and placed them with mother under the Department's supervision. The court ordered monitored visitation for father, three times a week for three hours, and unmonitored phone calls.

Father filed a timely appeal from the court's jurisdictional and dispositional orders.

## DISCUSSION

During the pendency of this appeal, the juvenile court terminated jurisdiction over the boys, awarding sole legal and physical custody to mother, and ordering three-hour unmonitored visits for father three times a week. We grant father's request that we take judicial notice of these orders, which also included a provision that before the orders can be modified, father must comply with a full drug and alcohol program, psychological and psychiatric assessment, and take all prescribed medication.

Father points out his appeal is not moot, and the Department does not suggest otherwise. (*In re D.P.* (2023) 14 Cal.5th 266, 283; *id.* at pp. 277-278 [merits review is required "where a jurisdictional finding affects parental custody rights [citation], curtails a parent's contact with his or her child [citation], or 'has resulted in [dispositional] orders which continue to adversely affect' a parent"].)

Our responsibility on review of a jurisdictional order is to determine if substantial evidence, contradicted or uncontradicted, supports the findings. (*In re Natalie A.* (2015) 243 Cal.App.4th 178, 184.) We review the evidence in the light most favorable to the juvenile court's order, drawing every reasonable inference and resolving all conflicts in favor of the prevailing party. (*In re Misako R.* (1991) 2 Cal.App.4th 538, 545.)

4

Father first contends there was no substantial evidence the teenaged boys were at risk of suffering "serious physical harm" due to father's substance abuse (§ 300, subd. (b)(1)(D)). Father does not contend there was insufficient evidence of alcohol abuse, but asserts there was no evidence the boys "were not being adequately cared for *because of* father's substance use." (Italics added.) Father says "merely being under the influence of marijuana and/or alcohol while caring for a 16-year-old and a 14-year-old is, without more, insufficient to support the assertion of dependency jurisdiction." For this principle, father cites *In re J.A.* (2020) 47 Cal.App.5th 1036, 1046, a case involving a mother's prenatal use of edible marijuana. The case is factually inapt, and in any event there was "more" here than merely being "under the influence."

There was evidence from mother that father "has 'always' smoked marijuana," and both boys have seen him do so. The boys did not see father's marijuana use as a problem, but "disclosed that when father consumes alcohol, he becomes loud, yells, and rages." The younger boy, A.F., said he "doesn't like it when father drinks and is yelling and tries to calm him down," and father's yelling "makes him scared." He said that when father "screams and yells at them to do things," they "normally leave" and go to a relative's house. M.F., the older boy, said that "father becomes angry when he drinks, that father yells and that father drinks alcohol several times a week," and when he does so, "he yells and gets angry." Indeed, on the day of the fire, mother left the house with the children because father had been drinking and "got very upset." (Mother returned a few minutes later to get the dogs, leaving the boys waiting in the car, when she smelled the smoke from the stove.) Mother told the social worker that

"[w]hen [father] came out of jail, he knew he could not come back here. I'm not going to risk my kids just to help him."

In short, and contrary to father's claim, the evidence supports a reasonable inference that the boys were at risk of serious physical harm from father's poor judgment while his alcohol abuse issues remained unresolved. "A parent's ' "[p]ast conduct may be probative of current conditions" if there is reason to believe that the conduct will continue.' " (*In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1216.)

In his reply brief, father asserts we cannot infer the children were at risk based on father's poor judgment relating to the fire incident, because the allegation that father endangered the children by setting their home on fire was not sustained. Father's assertion is mistaken. The fire incident is the reason the children came to the attention of the Department, and the juvenile court found, in the sustained count, that on the date of the fire and on prior occasions, father was under the influence of alcohol and marijuana while the children were in his care. We need not pretend the fire did not occur and father did not start it. The court merely found that the children were not endangered because they were not in the home at the time.

Father also challenges the second basis for jurisdiction, contending there was insufficient evidence of mental illness rendering him incapable of providing care for the minors (§ 300, subd. (b)(1)(D)).

Mother and the boys all stated that father had suffered a traumatic brain injury over a year earlier. M.F. said that father "has not been the same since and that his rages, yelling and 'snapping' has increased since having the brain injury." Father

6

"yells and screams at them a lot, but . . . they 'block him out' and stay in their bedroom" playing video games.

Mother stated that father also yelled prior to his brain injury. "Before he yelled and left and that was it. This time, he yells and continues to yell, and does not stop. He won't leave, so this time (the day of the fire) I realized that he'll stay here until he calms down and we'll go." Mother said father cannot control some of his emotions, and sometimes he cannot speak; he just screams.

Father argues that "screaming and yelling per se does not place a teenage minor at risk of serious physical harm." He also points out that harm to the child "cannot be presumed from the mere fact of mental illness of the parent." (*In re Jamie M.* (1982) 134 Cal.App.3d 530, 540.) While those principles are correct, here again there is more than the "mere fact" of a traumatic brain injury; it is the consequences to the children of the resulting conduct. If either father or children have to leave the home to avoid the screaming episodes, then father is not in a position "to provide regular care" for the boys during those times, and could put teenaged boys at a substantial risk of suffering serious physical harm.

In the end, however, we need not decide this point. "When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory

7

grounds for jurisdiction are supported by the evidence." (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.)

## DISPOSITION

The juvenile court's jurisdictional findings of a substantial risk the children would suffer serious physical harm as a result of father's substance abuse, and its dispositional orders removing them from father's custody, are affirmed.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.

VIRAMONTES, J.

8